IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FNTV, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Wide Open Media, Inc., <br><br> Defendant. | Case No: 1:22-cv-00066 <br><br> **COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff FNTV, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Wide Open Media, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and videos and owns the rights to these images and videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as rare.us (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed a segment of Plaintiff's Video (the "*Video Image*") on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. FNTV, LLC is a New York limited liability company and maintains its principal place of business at 31- 64 21st Street, Astoria in New York City, New York.

6. Upon information and belief, Defendant Wide Open Media, Inc., is a Texas corporation with address at 801 Congress Ave, Ste 330, Austin, Texas 78701, and is liable and responsible to Plaintiff based on the facts herein alleged.

1

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Wide Open Media, Inc. because it is incorporated in Texas.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Wide Open Media, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owners of videos which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. Wide Open Media, Inc. is the registered owner of the Website and is responsible for its content.

15. Wide Open Media, Inc. is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. On October 25, 2020, Plaintiff FNTV, LLC authored a video of a violent altercation between supporters of than President Donald Trump and counter-protestors near Time Square in New York City, New York (the "*Video*"). A copy of a still frame screengrab

from the Video is attached hereto as Exhibit 1.

19. Plaintiff applied to the USCO to register the Video on or about October 29, 2020 under Application No. 1-9654938663.

20. The Video was registered by the USCO on October 29, 2020 under Registration No. PA 2-269-358.

21. On December 7, 2020, Plaintiff observed the Video Image on the Website in a story dated October 26, 2020. A copy of the screengrab of the Website including the Video Image is attached hereto as Exhibit 2.

22. Defendant's aforementioned use of the Video Image was a display of the violent confrontation that the Video captures and is akin to a display of the most impactful portion of Plaintiff's Video or its "heart."

23. The Video Image was displayed at URL: https://rare.us/rare-news/jews-for-trump-fights/.

24. The Video Image was stored at URL: https://rare.us/wp-content/uploads/sites/3/2020/10/Brawl-Between-Pro-Trump-Supporters-and-Protesters-Result-in-11-People-Arrested-and-Cop-Suspended-without-Pay.jpg.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed a segment of Plaintiff's copyright protected Video as is set forth in Exhibit "1" on the Website.

26. Upon information and belief, the Video Image was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

27. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

28.     The Infringement is an exact copy of a segment of Plaintiff's original Video that was directly copied and stored by Defendant on the Website.

29.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video Image.

30.     Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Lauren Pineda whose Website lists her as a "Staff Writer" ("Employees").

31.     Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

32.     Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

33.     Upon information and belief, the Video Image was willfully and volitionally posted to the Website by Defendant.

34.     Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

35.     Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

37.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

38.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39.     Upon information and belief, Defendant monitors the content on its Website.

40. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

41. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

42. Upon information and belief, a large number of people have viewed the unlawful copies of the Video Image on the Website.

43. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44. Defendant's use of the Video Image, if widespread, would harm Plaintiff's potential market for the Video.

45. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

46. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

47. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

48. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

49. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

50. Defendant's reproduction of the Video Image and display of the Video Image constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

51. Plaintiff is informed and believes and thereon alleges that the Defendant

willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video Image of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

52. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

53. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an

    award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.  for pre judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: January 2, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123298

*Attorneys for Plaintiff*